UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tommy Pililimis, <br><br> Plaintiff, <br><br> v. <br><br> Reliance Exchange Group, LLC <br> adba APE Processing, LLC <br> c/o Jamal Robinson <br> 4500 Satellite Blvd, Suite 2320 <br> Duluth, GA 30096 <br><br> and <br><br> John Does 1-10 <br><br> Defendants. | Case No. <br><br><br> **COMPLAINT** <br><br><br><br><br><br><br><br><br><br><br> **Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint, alleges as follows:

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of the Illinois.

1

5- Defendant Reliance Exchange Group, LLC ("Reliance") is a corporation with its principal office in the State of Georgia. Defendant reliance also operates under the name A.P.E. Processing, LLC ("APE").

6- At all times relevant, John Does 1-10 were, upon information and belief, owners, operators, supervisors, and/or agents of Defendant of Reliance.

7- At all times relevant, upon information and belief, Defendants John Does 1-10 shared control over the operation and activities of Defendant Reliance.

8- As used herein, the term "Defendant" shall refer to Defendants Reliance and John Does 1-10; collectively.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

10- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

11- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

**FACTS COMMON TO ALL COUNTS**

12- On or around December 18, 2012, Defendant telephoned Plaintiff to collect the Debt, and left a voicemail.

13- During this communication, Defendant failed to disclose that the communication was from a debt collector.

14- During this communication, Defendant falsely represented that there was legal action pending against Plaintiff.

15- During this communication, Defendant falsely represented, if Plaintiff did not contact Defendant, Defendant would "process" the case against Plaintiff.

16- On or around December 18, 2012, Defendant contacted the HR department ("HR") at Plaintiff's place of employment.

17- During this communication, Defendant disclosed the existence, nature, and/or amount of the Debt to HR.

18- During this communication, Defendant falsely represented that it was pursuing Plaintiff for "defrauding a financial institution."

19- On or around December 18, 2012, Defendant again telephoned Plaintiff to collect the Debt, and left a voicemail.

20- During this communication, Defendant failed to disclose that the communication was from a debt collector.

21- During this communication, Defendant admitted to speaking with HR and disclosing information to HR.

22- On or around December 18, 2012, Plaintiff telephoned Defendant.

23- During this communication, Defendant threatened to initiate a lawsuit against Plaintiff for bank fraud that day.

24- During this communication, Defendant falsely represented that, once a lawsuit is initiated, the Debt would be increased by several thousand dollars.

25- During this communication, Defendant falsely represented that bankruptcy would not resolve the debt.

26- Defendant damaged Plaintiff.

27- Defendant violated the FDCPA.

## COUNT I

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

3

29- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT II

30- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

31- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT III

32- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

33- Defendant violated 15 USC § 1692e(5) by threatening to take action that could not be legally taken at the time.

## COUNT IV

34- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

35- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take at the time.

## COUNT V

36- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

37- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

## COUNT VI

38- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

39- Defendant violated 15 USC § 1692e(11) by disclosing to a third-party the existence, nature, and/or amount of the Debt.

## COUNT VII

40- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

41- Defendant violated 15 USC § 1692e(11) by communicating with a third-party for purposes other than obtaining location information about the consumer.

## JURY DEMAND

42- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*